UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

SHARON SHELTON, on behalf of herself and
all others similarly situated,

      Plaintiff,

v.

DORAL 7 CORP, INC.
d/b/a PINK PONY and
JAMES FULFORD, individually,

      Defendants.
_____/

## **COMPLAINT**

Plaintiff, SHARON SHELTON, on behalf of herself and all others similarly situated, sue Defendants, DORAL 7 CORP, INC. d/b/a PINK PONY ("PINK PONY") and JAMES FULFORD ("Fulford"), for violations of the Fair Labor Standards Act of 1938 ("FLSA") and violations of Article X, Section 24 of the Florida Constitution and implementing legislation (the "Florida Minimum Wage Act"), and as grounds, Plaintiff states:

### **Introduction**

1. This case presents yet another attempt by employers to evade the mandatory minimum wage and overtime provisions of the FLSA and state laws by improperly paying employees.

2. The core harms for which this case seeks redress arise from unpaid minimum wage and overtime under the FLSA and the Florida Minimum Wage Act. Congress designed the FLSA to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad

1

remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, are intended to prevent employers from pilfering the wages rightfully earned by their employees.[1] The State of Florida has adopted similar laws to protect employees against unscrupulous employers who attempt to evade Florida's mandatory minimum wage rate, which is higher than the amount established by federal law.

3. This case implicates an adult entertainment club owned and controlled by Fulford which goes by the trade name of "PINK PONY." Fulford and PINK PONY have required and/or permitted Plaintiff to work as a massage therapist at their adult entertainment club in excess of forty (40) hours per week but refused to compensate her at the applicable minimum wage and overtime rates. In fact, Fulford and PINK PONY *refused to compensate the Plaintiff at all* for the hours worked. The Plaintiff's only compensation was in the form tips received from the club patrons— Fulford and PINK PONY paid the Plaintiff nothing.

4. Fulford and PINK PONY conduct violates the FLSA, which requires non-exempt employees, such as Plaintiff, to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

5. Plaintiff, on behalf of herself and all others similarly situated, brings this action under the FLSA to recover compensation and damages owed to them at any time during the three-year period before this suit was filed up to the present. Plaintiff further brings this action pursuant to recover compensation and damages owed to them at any time during the five-year period before this suit was filed up to the present under the Florida Minimum Wage Act.

---

[1] *See Billingsley v. Citi Trends, Inc.*, 560 Fed. Appx. 914 (11th Cir. 2014).

## The Parties, Jurisdiction and Venue

6. Plaintiff is an individual residing in Broward County, Florida. Plaintiff was a massage therapist at PINK PONY adult entertainment club and, therefore, has first-hand personal knowledge of the pay violations at alleged in this case.

7. Defendant PINK PONY is a domestic corporation doing business in Florida for the purpose of accumulating monetary profit. This Court has personal jurisdiction over PINK PONY because, among other reasons, its principal place of business is located in Florida.

8. Defendant Fulford owns, operates, and controls PINK PONY and maintains ultimate control over all of PINK PONY's operations, including, but not limited to, ultimate control over the terms and conditions of employment for Plaintiff. For example, Fulford has managerial authority over the Plaintiff, he has authority to hire and fire the Plaintiff, and he is responsible for determining the Plaintiff's compensation structure. Fulford is personally responsible for the violations alleged herein. This Court has personal jurisdiction over Fulford because, among other reasons, he resides in Broward County and owns, operates, and controls a number of businesses in South Florida, including, but not limited to, PINK PONY.

9. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. Venue is proper in the Southern District of Florida because a substantial portion of the events forming the basis of this suit occurred in this District and both Fulford and PINK PONY's operations are located in this Judicial District.

## Plaintiff Was and Is PINK PONY's Employee

11. In an FLSA case, the following elements must be met. "(1) [plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay

[plaintiff] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied,* 134 S. Ct. 62, (U.S. 2013).

12.  Under the FLSA, employment is defined with "striking breadth." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728 (1947)). "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *Id.* at 942 (citing 29 U.S.C. § 203(g)). "To determine if an individual is an employee, 'we look at the economic reality of all the circumstances' surrounding the activity." *Id.* (citing *Brouwer,* 139 F.3d at 819). "We refer to this test as the 'economic reality' test." *Id.* (citing *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997)). "The touchstone of the economic reality test is the alleged employee's economic dependence on the employer." *Id.*

13.  Under the Florida Minimum Wage Act, "those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage…." § 448.110(3), Fla. Stat.

14.  Here, Plaintiff worked as a massage therapist for the Defendants and was responsible to offer massages to the patrons. The Plaintiff was totally economically dependent on Fulford and PINK PONY. Fulford and PINK PONY had the power to hire and fire Plaintiff, controlled her work schedules, and required her to work certain days during the week. Fulford and PINK PONY also provided training to Plaintiff and imposed rules with regard to how the Plaintiff was to provide services. PINK PONY also set the shares Plaintiff would have to tip out to other employees of PINK PONY. The Plaintiff was totally dependent on Fulford and PINK PONY to market, advertise, and generate customers because, without customers, the massage therapists lack any paying audience before whom they could perform services for.

4

15. Fulford and PINK PONY's method of paying Plaintiff in violation of the FLSA and the Florida Minimum Wage Act was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## Enterprise and Individual Coverage

16. "The Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a) (1), requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual coverage or enterprise coverage." *Silver v. Dr. Neal Krouse, D.O., P.A.*, 06-60634- CIV, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2007) (citing *Thorne v. All Restoration Svcs., Inc.,* 448 F.3d 1264, 1265 (11th Cir.2006)). "To qualify for enterprise coverage, Defendants must 'ha[ve] employees engaged in commerce or in the production of goods for commerce, or [ ] ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.'" *Id.* (citing 29 U.S.C. § 203(s)(1)(A)(i) and (ii)). "The phrase 'engaged in commerce' is interpreted broadly and liberally." *Id.* (citing *Alonso v. Garcia*, 147 Fed. Appx. 815, 816 (11th Cir. 2005)).

17. At all material times, Fulford and PINK PONY have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

18. At all material times, Fulford and PINK PONY have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

19. Specifically, Fulford and PINK PONY's employees have sold goods—such as alcoholic beverages and a variety of foods—that have been moved or produced in interstate commerce to PINK PONY's patrons.

5

20. Additionally, Fulford and PINK PONY's employees, including Plaintiff, have handled materials that have been moved or produced in interstate commerce, which were used in the course of PINK PONY's business operations.

21. Fulford and PINK PONY advertise on the internet, process credit cards from out of state patrons, communicate via mail, email, and telephone with cusjamesers and vendors outside of Florida, and sell merchandise across state lines.

22. Furthermore, Fulford and PINK PONY have had, and continue to have, an annual gross business volume in excess of the statutory standard.

23. At all material times, Plaintiff was individual employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C § 206-207.

24. At all material times, Fulford and PINK PONY were employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

## Additional Wage Violation Allegations

25. Fulford and PINK PONY failed to pay Plaintiff any compensation whatsoever.

26. Plaintiff was compensated exclusively from tips received from PINK PONY's customers.

27. Fulford and PINK PONY did not pay the Plaintiff for any hours, including overtime, worked at the club.

28. Fulford and PINK PONY may have misclassified Plaintiff, and all others similarly situated, as independent contractors when they were, in fact, employees as that term is defined by the FLSA and the Florida Minimum Wage Act. Following are some example facts demonstrating that the dancers were, in fact, employees:

    a. PINK PONY hired, fired and supervised the massage therapists.

    b. PINK PONY set the schedule for the massage therapists.

      c. PINK PONY controlled the details of the massage therapists' jobs.

      d. PINK PONY disciplined the massage therapists for not following club rules.

      e. PINK PONY tracked the shifts and days the massage therapists worked just as is common for typical employer-employee relationships.

      f. PINK PONY instructed the massage therapists about when, where, and how they were to perform their work.

29. Fulford and PINK PONY misclassified Plaintiff, and all others similarly situated, as independent contractors to avoid their obligations to pay them pursuant to the FLSA and the Florida Minimum Wage Act.

30. Plaintiff is not an independent contractor and is entitled to minimum wage and overtime under the FLSA, and additional compensation under the Florida Minimum Wage Act.

31. Although Plaintiff is required to and did in fact frequently work more than forty (40) hours per workweek, she was not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. In fact, she received no compensation whatsoever from Fulford and PINK PONY for either minimum wages or overtime.

## COUNT I - VIOLATIONS OF THE FLSA

32. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

33. Fulford and PINK PONY's practice of failing to pay Plaintiff time-and-a half rate for hours in excess of forty (40) hours per workweek violates the FLSA. 29 U.S.C. § 207.

34. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Plaintiff.

35. Fulford and PINK PONY's practice of failing to pay Plaintiff at the required minimum wage rate further violates the FLSA. 29 U.S.C. § 206.

7

36. In fact, Fulford and PINK PONY do not compensate the massage therapists at all for any hours worked.

37. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Plaintiff.

38. Fulford and PINK PONY further failed to keep adequate records of Plaintiff's work hours and pay in violation of section 211(c) of the FLSA. *See* 29 U.S.C. § 211(c).

39. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a) The time of day and day of week on which the employees' work week begins;

b) The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c) An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d) The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e) The hours worked each workday and total hours worked each workweek;

f) The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g) The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

h) The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

    i) The dates, amounts, and nature of the items which make up the total additions and deductions;

    j) The total wages paid each pay period; and

    k) The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

  40. Fulford and PINK PONY have not complied with federal law and have failed to maintain such records with respect to Plaintiff. Because PINK PONY's records are inaccurate and/or inadequate, Plaintiff can meet her burden under the FLSA by proving that she, in fact, performed work for which she was not properly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946).

  41. As a result of the Defendants' violations, Plaintiff has been damaged and is entitled to unpaid minimum wage and overtime, liquidated damages, interest, costs, and attorneys' fees pursuant to the FLSA.

  42. Plaintiff therefore respectfully requests compensation pursuant to the FLSA, as set forth more fully in the request for relief below.

## **COUNT II – VIOLATIONS OF THE FLORIDA MINIMUM WAGE ACT**

  43. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

  44. Plaintiff was entitled to be paid at least the Florida minimum wage rate for each hour/week worked during her employment by Fulford and PINK PONY.

  45. Specifically, Plaintiff was not paid the proper minimum wage, as required by the Florida Minimum Wage Act.

  46. Fulford and PINK PONY willfully failed to pay Plaintiff minimum wages for one or more weeks during her employment contrary to the Florida Minimum Wage Act.

47. Although Plaintiff contends such prerequisites are unconstitutional, Plaintiff has complied with all statutory prerequisites to bringing this claim pursuant to the Florida Minimum Wage Act, including by providing proper statutory notice prior to asserting this claim.

48. More than 15 days have elapsed since Plaintiff's service of the notice and no compensation was paid to Plaintiff.

49. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

50. Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage, an equal amount as liquidated damages, and attorneys' fees and other relief pursuant to the Florida Minimum Wage Act.

51. Plaintiff therefore respectfully requests compensation pursuant to the Florida Minimum Wage Act, as set forth more fully in the request for relief below.

## **REQUEST FOR RELIEF**

For these reasons, Plaintiff respectfully requests that judgment be entered in her favor awarding the following relief:

a) A declaration, pursuant to 29 U.S.C. §§2201 and 2202, that the Defendants' practices violate the FLSA and the Florida Minimum Wage Act;

b) Compensation for all unpaid overtime owed under the FLSA;

c) Compensation for all unpaid minimum wage owed under the FLSA and Florida Minimum Wage Act;

d) An equal amount of all owed wages as liquidated damages as allowed under the FLSA and the Florida Minimum Wage Act;

e) Interest, costs, attorneys' fees and other relief as allowed under the FLSA and/or the Florida Minimum Wage Act;

f) Such other and further relief to which Plaintiff may be entitled, at law or in equity.

Dated: March 30, 2020.　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　Law Offices of Levy & Levy, P.A.
　　　　　　　　　　　　　　　　　　1000 Sawgrass Corporate Parkway, Suite 588
　　　　　　　　　　　　　　　　　　Sunrise, Florida  33323
　　　　　　　　　　　　　　　　　　Telephone: (954) 763-5722
　　　　　　　　　　　　　　　　　　Facsimile: (954) 763-5723
　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*

　　　　　　　　　　　　　　　　　　*/s/ Chad Levy*
　　　　　　　　　　　　　　　　　　CHAD E. LEVY, ESQ.
　　　　　　　　　　　　　　　　　　chad@levylevylaw.com
　　　　　　　　　　　　　　　　　　Secondary: assistant@levylevylaw.com
　　　　　　　　　　　　　　　　　　F.B.N.: 0851701
　　　　　　　　　　　　　　　　　　DAVID M. COZAD, ESQ.
　　　　　　　　　　　　　　　　　　david@levylevylaw.com
　　　　　　　　　　　　　　　　　　F.B.N.: 333920